UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:18-cv-03264 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| XAVIER BECERRA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). See 28 U.S.C. § 636(c).

**I.   Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

Plaintiff alleges that he has a right to privacy in his "rap sheet" and that the disclosure of his prior criminal record to prosecuting authorities violates this right to privacy in contravention of the First Amendment. He also raises a "facial challenge" to California's Three Strikes Law arguing that it is preempted by the Federal Privacy Act of 1974. Plaintiff names Xavier Becerra, the California Attorney General, as the defendant in this action along with unnamed Does 1-10. By way of relief, plaintiff requests "actual damages from the loss of his liberty for 3,650 days at $200.00 per day equal to $730,000.00…." ECF No. 1 at 12.

Plaintiff has also filed a motion for preliminary injunctive relief, ECF No. 5, seeking to prevent his record of serious and violent felonies from being disclosed. In the same motion, plaintiff also seeks to enjoin the enforcement of California's Three Strikes Law since it requires the release of information concerning prior serious and violent felony convictions.

**III. Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed because there is no constitutionally protected right to privacy in his criminal record. See Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995) ("Criminal activity is ... not protected by the right to privacy."); Holman v. Central Arkansas Broadcasting Co., 610 F.2d 542, 544 (8th Cir. 1979)("[N]o right to privacy is invaded when state officials allow or facilitate publication of an official act such as an arrest."); Baker v. Howard, 419 F.2d 376, 377 (9th Cir. 1969)(holding that constitutional right is not implicated even when police officers circulate false rumors that person has committed a crime). Accordingly, the undersigned recommends dismissing plaintiff's complaint.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06. Utilizing this standard, the court has concluded that the defects in plaintiff's complaint are not curable by amendment. As a result, the undersigned recommends dismissing plaintiff's complaint without leave to amend.

**IV. Plain Language Summary for Pro Se Party**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

It is being recommended that your complaint be dismissed for failing to state a claim. Based on the court's review of your complaint, it does not look like the problems with your complaint are fixable, so it is recommended that you not be given the opportunity to file an

amended complaint. If you disagree with this recommendation, you may file "Objections to Magistrate Judge's Findings and Recommendations" within 14 days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend for failing to state a claim.
2. Plaintiff's motions (ECF No. 5, 6) be denied as moot.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/melg3264.f&r.docx

4